hTHIBODEAUX, Judge.
Edward Guillory, et ah, owners of the All American All Cloth Carwash, appeal a judgment entered pursuant to the trial court’s interpretation of a non-competitiori clause contained within their joint venture agreement with plaintiff-appellee, Michael M. Trouth. Trouth, owner of The Glass Mechanic, a windshield repair service, sought an injunction against All American to enjoin the operation of |2a windshield repair service All American opened shortly after voting to terminate the joint venture with Trouth. The court issued the injunction against All American based upon the joint venture agreement’s non-competition clause. The trial judge held that the non-competition clause clearly expressed the parties’ intent to prohibit any affiliation, for three years from the date of the contract, with other entities that may be in competition with the joint venture’s purpose. The stated purpose was to operate Trouth’s windshield repair service at the locating All American All Cloth Carwash. All American began operating a windshield repair service approximately one year after the execution of the joint venture agreement and almost immediately after the dissolution of the joint venture. We find no reversible error and, therefore, affirm the judgment of the trial court.
I.

ISSUE

The sole issue for resolution is whether the trial court erroneously held that the non-competition clause prohibited defendants from operating a windshield repair service after the joint venture was terminated.
II.

FACTS

On or about August 15, 1994, Michael M. Trouth, the sole proprietor of a windshield repair service called “The Glass Mechanic,” entered into a joint venture with the owners of the “All American All Cloth Carwash.” According to the contract, the purpose of the joint venture was to “conduct and operate a windshield repair service under the trade name ‘The Glass Mechanic’ in conjunction with the other operations at the ‘All American All Cloth Carwash’.” The parties were to remain in 13 complete control of their separate operations; however, All American would receive 20% of all profits of the windshield repair business. In return, the agreement required All American to provide adequate work facilities and one covered bay to Mr. Trouth.
The joint venture continued until August of 1995 when Mr. Trouth physically withdrew his business from the premises of the All American All Cloth Carwash. He closed his business after receiving a certified letter from All American on or about August 13, 1995, advising him that he would no longer be permitted to do business at their location as of August 15,1995. The reason given was his failure to pay All American 20% of all of his sales invoices, as they alleged the joint venture agreement required.
*719 Trouth reopened his windshield repair business on September 2, 1995, in Sulphur, Louisiana. He was unsuccessful and operated for only two to four months before closing the business.
Soon after leaving the carwash, he discovered that All American had commenced the operation of its own windshield repair service there. Trouth believed that All American was in violation of the joint venture’s non-competition clause which provided:
“4. Noneompeting agreement: The Joint Venturers hereby agree not to be affiliated with any other entity that may be in direct competition with the Joint Venturer in the Sulphur, Louisiana area, for a period of three years from this date unless mutually agreed upon by all Joint Venturers.”
As a result, Trouth filed a “Petition for Damages and for a Writ of Injunction.” He alleged that he sustained damages in the form of breach of contract and lost revenues because of the actions of All American. The defendants answered the petition, denied the allegations and asserted that the non-competition clause was vague and ambiguous, and therefore, unenforceable. They argued in the alternative that the noncompetition clause, as written, applied to Trouth as well. They requested the court order him to show cause why an injunction should not issue to enjoin him from conducting or engaging in a windshield repair service.
The trial judge held that the non-competition clause was valid and enforceable and that the language of the non-competition agreement was clear and unambiguous. He found that the language of the non-competition clause reflected the parties’ intent that there be no affiliation with any other entity that may be in competition with the purpose of the joint venture for a period of three years from the date of the contract, which, at the time, had not elapsed. He did not find Trouth to be in violation of the non-competition agreement, and ordered that an injunction issue against All American only. This judgment is the basis of the appeal before us.
III.

LAW AND DISCUSSION

All American essentially contends that the trial court erred in its interpretation of the joint venture’s non-competition clause by failing to recognize that the clause was not to be effective after the dissolution of the joint venture. They argue that they were not in direct competition with the “joint venturer,” as the contract provides, because the joint venture no longer existed. Moreover, they assert that the language of the non-competition clause restricts affiliation with any “other entity,” and that their solo operation of a windshield repair service did not constitute affiliating with another entity.
Trouth, on the other hand, urges that the mutual intent regarding the non-competition clause was that neither paidy to the joint venture would engage in activity, while working together or not, that would compete with each other’s Isseparate business for three years from the date of execution of the contract, unless otherwise mutually agreed.
Contract Interpretation
“Interpretation of a contract is the determination of the common intent of the parties.” La.Civ.Code art. 2045.
Louisiana Civil Code Article 2046 provides that “[wjhen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” We agree with the trial judge’s determination that the language of the non-competition clause clearly expresses the intention of the parties. The clause is entitled “Noncompeting Agreement” and expressly states that the joint venturers agree not to be affiliated with any other entity that might be in direct competition with the entity in the Sulphur, Louisiana area. The parties also clearly agreed that the term of the provision would be for three years from the date of the contract unless mutually agreed upon by all joint venturers.
All American’s proposed interpretations of the non-competition agreement do not conform to the plain meaning of the words used therein. It asks us to validate their assertion that because they did not affiliate with any “other entity” and that because the joint venture was dissolved at the time, they were *720 not in direct competition "with the “joint ven-turer.” To adopt this interpretation, we would have to ignore the fact that the All American All Cloth Carwash is a separate entity, that Trouth’s business, The Glass Mechanic, is a separate entity, and that the joint venture is a separate entity. We decline to do so. The non-competition clause sought to prevent either party from engaging in activity that would create competition against a joint venturer and, in effect, the joint venture. By entering into the windshield lerepair business, which was always Trouth’s separate business, All American created the competition that it had agreed to avoid.
In addition, there was no provision in the contract that provided for the invalidation of the non-competition clause in the event of dissolution of the joint venture. Instead, the clause provided that the agreement not to compete would be effective for three years from the date of the contract, unless mutually agreed upon by all the parties. The record does not reflect that a mutual agreement to terminate the non-competition agreement was reached at anytime by the parties. Moreover, the Civil Code provides:
“When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.”
La.Civ.Code art. 2054.
Therefore, we are not at liberty to infer any other intent on the part of the parties other than that the parties intended for the non-competition agreement to remain effective for three years after the execution of the contract, thus rendering it valid until August 15,1997.
Our civil code further provides that contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law, and that contracts must be performed in good faith. La.Civ.Code art. 1983. The record is devoid of any evidence which would suggest that these principles of law should not be applied in favor of the plaintiff. Therefore, we agree with the trial court’s interpretation of the non-competition clause and its determination of its continuing validity after the termination of the joint venture.
|7For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants, Edward L. Guillory, et al.
AFFIRMED.