1,THIBODEAUX, Judge.
Enter-Management Resources Incorporated (hereinafter “Enter-Management”) brought suit against the Marks Family Partnership LLC[1] and Chester Marks (hereinafter “the Marks Family”) seeking dissolution of a contract and the return of $30,000 paid pursuant to the contract as consideration for the disclosure of Lpatent-related documents and negotiations for a second contract regarding rights to the patent. The parties agreed that the $30,-000 was non-refundable. The second agreement was never confected and Enter-Management sought return of the $30,000. Enter-Management alleges an error of consent and the Marks Family’s failure to perform its contractual obligations. The trial court granted the Marks Family’s motion for summary judgment, finding that it had fulfilled its contractual obligation and no further obligation was owed to Enter-Management. Enter-Management appeals this judgment.
We affirm. The contract whereby Enter-Management paid $30,000 to the Marks Family provided only for the examination of certain patent-related documents and the agreement to discuss a second contract affecting rights to the patent. The Marks Family fully performed its obligations under this contract.
I.

ISSUE

We must decide whether the trial court erred in granting summary judgment in favor of the Marks Family.
II.

FACTS

The Marks Family holds a patent for a door-locking mechanism. On September 10, 1996, Enter-Management and the Marks Family entered into an agreement obligating Enter-Management to pay $30,-000 to the Marks Family as consideration for the disclosure of a patent and other documents pertaining to the door-locking mechanism. The agreement contemplated that a subsequent “definitive agreement” could be executed by the parties under which Enter-Management would |apay a greater amount and acquire certain rights to develop and market the patented mechanism; however, in the event that no subsequent agreement were reached, the $30,-000 payment' would be non-refundable.
Following the initial $30,000 payment and disclosure, the parties entered negotiations for the second agreement. After the Marks Family presented a series of terms that was unacceptable to Enter-Management, negotiations were halted and Enter-Management filed suit for dissolution of the contract and the return of the $30,000 based on the Marks Family’s failure to enter into a second agreement. The trial court granted summary judgment in favor of the Marks Family, holding that the $30,000 was non-refundable based on the terms of the disclosure agreement.
III.

LAW AND DISCUSSION

Appellate courts review summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991). Article 966(B) of the Louisiana Code of Civil Procedure provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits *909 show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.
“When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. Civ.Code art. 2046. Although words in a contract are given their prevailing meaning, words that are susceptible of different meanings are interpreted as having the meaning that best conforms to the object of the contract. La.Civ.Code arts. 2047-2048.
 Enter-Management asserts that the disclosure agreement should be dissolved due to an error of consent and that the initial $80,000 should be refundéd as a result of the dissolution. It further asserts that since the parties did not reach an agreement on whether the second contract would be a license or an assignment, there is a material fact in dispute which precludes summary judgment.
Enter-Management contends that the contract should be dissolved because the Marks Family did not perform its contractual obligations. The contract required the Marks Family to disclose certain documents relating to the patent and merely to discuss entering a subsequent agreement. Pursuant to this agreement, Enter-Management bought the right to see and talk and the Marks Family was likewise obligated only to show and talk. Both of the parties performed these obligations. Because nothing in the contract required the Marks Family to enter a subsequent agreement, there is no unfulfilled obligation. Louisiana Civil Code Article 2018 grants an obligee the right to judicial dissolution of a contract and to damages when an obligor fails to perform his contractual obligations. Conversely, an obligee does not have a right to judicial dissolution when the obligor performs his contractual obligations.[2] Thus, Enter-Management is not entitled to dissolution of the disclosure agreement.
Enter-Management further argues that summary judgment should be denied because there is a material fact in dispute, i.e., specifically what the parties intended to be “transferred” by the second agreement. It alleges that it intended an assignment of the patent rights while the Marks Family contemplated a licensing agreement. Although the parties clearly disagreed on what rights would have been 15transferred, that is not the issue in dispute; rather, this dispute concerns whether the Marks Family was obligated to enter into any contract transferring rights to the patent and whether the sum paid pursuant to the disclosure agreement was refundable if the transfer agreement were not executed.
The $30,000 was paid pursuant to the initial disclosure agreement. That agreement expressly provided that the money was non-refundable if the second agreement transferring the patent rights were not executed. Predictably, the second contract was never confected and the Marks Family kept the money. Although it may have been a bad bargain, the agreement was unambiguous. We are not at liberty to infer that the parties intended a result distinct from that clearly and expressly contemplated in the contract. See Trouth v. Guillory, 97-205 (La.App. 3 Cir. 10/22/97); 701 So.2d 717.
The law of contractual interpretation is clear: language is given its everyday meaning. Indisputably, “non-refundable” meant that an amount paid would not be returned to the payor. We decline to concern ourselves with the parties’ lack of divine omniscience. They have to live with the folly of their actions. This court cannot create a new contract to absolve Enter-Management of the harsh conse *910 quences of an unpalatable agreement. As we previously stated:
[T]he rule of strict construction does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating ambiguity where none exists. It does not authorize a court to make a new contract for the parties or disregard the evidence as expressed, nor does it refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties.
Woolf & Magee v. Hughes, 95-863, p. 6 (La.App. 3 Cir. 12/6/95); 666 So.2d 1128, 1131, writ denied, 96-073 (La.3/15/96); 669 So.2d 427, accord Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939).
_b.iv.

CONCLUSION

We, therefore, find that the parties are bound by the disclosure agreement and that Enter-Management is not entitled to a return of the $30,000. The Marks Family is entitled to judgment as a matter of law. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Enter-Management.
AFFIRMED.

. The record incorrectly refers to defendants as “The Mark's Family Partnership, LLC.”

. Dissolution would not be the proper remedy for the failure to execute a contract. Louisiana Civil Code Article 1988 states, "A failure to perform an obligation to execute an instrument gives the obligee the right to a judgment that shall stand for the act.”